IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| LAWRENCE L. JOHNSON, #660686 | § | |
| VS. | § | CIVIL ACTION NO. 4:15cv212 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Lawrence L. Johnson, an inmate confined in the Texas prison system, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was referred to United States Magistrate Judge Don D. Bush, who issued a Report and Recommendation concluding that the petition should be denied. Petitioner has filed objections.

Petitioner complains that he was not given credit for time spent in custody in California after he was paroled from the Texas prison system. He was paroled on October 4, 2004. A pre-revocation warrant was issued on October 26, 2004, but it was not executed until August 10, 2013. It should be noted that he was in and out of custody in California from 2004 to 2013. Texas is giving him credit from the time the warrant was executed on August 10, 2013.

Petitioner complains in his objections that he was denied "constructive custody" time credit from 2004 until August 10, 2013. However, he was not in custody pursuant to the pre-revocation warrant until August 10, 2013. Magistrate Judge Bush correctly explained that Texas was not required to execute the pre-revocation warrant after it was issued. *Moody v. Daggett*, 429 U.S. 78, 87-88, 97 S. Ct. 274, 279 (1976); *Russo v. Johnson*, 129 F.Supp.2d 1012,

1019 (S.D. Tex. 2001). Petitioner was not entitled to receive credit for time spent in custody in another state when he was not in custody pursuant to the execution of a pre-revocation warrant. *Wiggins v. Thaler*, 428 F. App'x 468, 471 (5th Cir. 2011).

In both his petition and objections, Petitioner couches his claim in terms of an "erroneous release." The Fifth Circuit has held that a Texas prisoner has a protected liberty interest in calendar time following an erroneous release by State officials. *Thompson v. Cockrell*, 263 F.3d 423, 427 (5th Cir. 2001). However, the records submitted in this case clearly reveal that Petitioner was not erroneously released. He was intentionally released on parole by the Texas Board of Pardons and Paroles on October 4, 2004. While on parole, he committed additional offenses in California and was incarcerated there based on the new offenses. He is not entitled to receive credit based on an erroneous release. Petitioner's claims lack merit.

The court further notes that the State court carefully considered Petitioner's claims. The trial court issued findings of fact and conclusions of law rejecting his claims, which were adopted by the Texas Court of Criminal Appeals. The petition should be denied because Petitioner has not shown, as required by 28 U.S.C. §2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and

having made a *de novo* review of the objections raised by Petitioner to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Petitioner's objections are without merit. It is therefore

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **25** day of **October, 2015.**

_____
Ron Clark, United States District Judge